**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Driven, P.S.C, as trustee for Nodus International Bank, Inc., | |
| Plaintiff, | **Civil. No. 25-cv-01183(GMM)** |
| v. | |
| Flamingo Paper & Food Services Products Corp. et al, | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Plaintiff Driven P.S.C.'s ("Driven") *Opposition to Notice of Removal from State Court (Motion to Remand)* ("Motion to Remand"). (Docket No. 8).

### I.  RELEVANT PROCEDURAL HISTORY

On November 26, 2024, Driven, as trustee for Nodus, filed a Complaint in the Court of First Instance of San Juan ("State Court"), civil case no. SJ2024cv10971, for the collection of monies against Flamingo Paper & Food Services Products Corp., ("Flamingo"), Mr. Paolo Victor Longo Falsetta ("Longo-Falsetta"), and Ideas Holdings Group, LLC ("IHG") (collectively, "Defendants"). (Docket Nos. 1, 5-1). On November 26, 2024, Driven requested service by publication. On December 6, 2024, the State Court granted the request. (Docket No. 8 at 2 ¶¶ 3-4). The Summons was published on January 27, 2025, in the San Juan Daily Star.

Civil. No. 25-cv-01183(GMM)
Page -2-

(Id. at 2 ¶ 5). On January 31, 2025, a copy of the Complaint with
attachments, an Order authorizing the Service of Process via
Summons, the Summons, and the Published Summons were sent to the
Defendants via first class mail with receipt requested, to all
known addresses. (Id.). On February 20, 2025, Driven filed a motion
in the State Court to inform and submit evidence of the publication
of summons and requesting a 30-day extension because the parties
had entered extra-judicial conversations to try to resolve the
claims outlined in the Complaint.[1] (Id. at 2 ¶ 6).

On March 28, 2025, the Defendants filed a *Notice of Removal
from State Court* ("Notice of Removal") under 28 U.S.C. §1446.
(Docket No. 1). Therein, the Defendants certified compliance with
the procedural requirements of 28 U.S.C. § 1446, "except for the
30-day period established in 28 U.S.C. § 1446(b)(1)," and stated
that "this deadline is not jurisdictional" citing Universal Truck
& Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st
Cir. 2014). (Id. at 2 ¶ 6).

On April 15, 2025, Driven filed a timely Motion to Remand.
(Docket No. 8). Therein, Driven posits that Defendants' failure to
remove the Complaint within the 30-day limit established by 28
U.S.C. § 1446(b)(1) requires the remand to State Court and that
the statute bars removal to this Court.

---

[1] The requested extension of time was until March 28, 2025.

Civil. No. 25-cv-01183(GMM)
Page -3-

On May 1, 2025, Defendants filed an *Opposition to Motion to Remand*. (Docket No. 12). First, Defendants argue that since the case satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332, the Court should not remand the case to State Court. (Id.) Second, Defendants admit that while they filed the notice of removal beyond the 30-day period outlined in 28 U.S.C. § 1446(b), "this deadline is not jurisdictional." (Id. at 2 ¶ 2). Citing Universal, Defendants posit that the 30-day removal requirement "is a procedural formality—not a jurisdictional bar—and does not strip the federal court of subject matter jurisdiction." (Id. at 2 ¶ 3). Third, Defendants contend that "despite formal service by publication, the Puerto Rico court never obtained personal jurisdiction over Defendants. Under the territoriality doctrine, the 30-day removal deadline cannot be enforced—or at a minimum, should not serve as a basis for remand." (Id. at 3 ¶ 4).

## II. LEGAL STANDARD

A.    Removal of a Civil Action Based on Diversity Jurisdiction

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). When a case is first brought in a state court, a defendant has the right to remove the case to federal court if it can show some basis for federal

Civil. No. 25-cv-01183(GMM)
Page -4-

jurisdiction. *See* <u>Danca v. Private Health Care Sys., Inc.</u>, 185 F.3d 1, 4 (1st Cir. 1999). Thus, under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Since a district court's decision to remand a case to state court is not reviewable on appeal or otherwise and "removal statutes are an infringement on the power of the states, they must be strictly construed in favor of state court jurisdiction." <u>University of Rhode Island v. A.W. Chesterton Company</u>, 2 F.3d 1200, 1202 (1st Cir. 1993); <u>Sansone v. Morton Mach. Works, Inc.</u>, 188 F. Supp. 2d 182, 186 (D.R.I. 2002) (*citing* <u>Shamrock Oil & Gas Co. v. Sheets</u>, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)).

B.    <u>Motion to Remand</u>

If a plaintiff files a motion to remand, the defendant shoulders the burden of showing that federal jurisdiction exists, and that removal was proper. *See* <u>Fayard v. Northeast Vehicle Servs., LLC</u>, 533 F.3d 42, 48 (1st Cir. 2008). "A motion to remand is decided by reference to the complaint at the time the petition for removal was filed." <u>Abdelnour v. Bassett Custom Boatworks, Inc.</u>, 614 F.Supp.2d 123, 126 (D. Mass. 2009); *see also* <u>Ryan v. Schneider Nat'l Carriers, Inc.</u>, 263 F.3d 816, 819 (8th Cir. 2001)

Civil. No. 25-cv-01183(GMM)
Page -5-

(en banc) ("In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.").

### III. APPLICABLE LAW AND ANALYSIS

A.    Diversity Jurisdiction

Relevant to this case, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of different States[.]" 28 U.S.C. § 1332(a)(1). This is commonly known as diversity jurisdiction. "[D]iversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant." BRT Management LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023).

Here, neither party challenges diversity of citizenship. It is undisputed that Plaintiff Driven is a corporation organized under the laws of the Commonwealth of Puerto Rico and that it is a trustee of Nodus, an entity also organized under the laws of Puerto Rico. On the other side, all Defendants, both individuals and corporations, reside or are domiciled in the state of Florida. (Docket Nos. 5-1 at 2 ¶¶ 1-5; 8 at 2 ¶ 3; 12 at 1). Turning to the amount in controversy, it is also undisputed that Driven seeks to collect on a debt in the amount of $1,126,117.99 and that this

Civil. No. 25-cv-01183(GMM)
Page -6-

requirement is also met. (Docket Nos. 5-1 at 3-4; 8 at 2 ¶ 2; 12 at 2-3 ¶ 3).

Therefore, having established subject matter jurisdiction the Court's inquiry now turns to the timeliness of removal.

B.    Timeliness of Removal

A notice of removal in a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." 28 U.S.C. § 1446(b)(1).

Where the question is one of timeliness, whether a case is removable "is to be judged by the case as stated on the face of the complaint." Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 74-75 (1st Cir. 2014).

Therefore, courts determine when the thirty-day removal clock was triggered by evaluating "the papers provided by the plaintiffs." Id. at 74; see also Hilbert v. McDonnell Douglas Corp., 529 F.Supp.2d 187, 194 (D. Mass. 2008) (Gertner, J.) (evaluating the "information within the four corners of the [relevant] pleadings" to assess "whether defendants had notice of the grounds for removal."). Thus, to trigger the thirty-day clock, the plaintiff's pleadings or papers must provide the defendant with sufficient facts to support all requirements for removal under the applicable statute – here, 28 U.S.C. § 1332. See Contois v.

Civil. No. 25-cv-01183(GMM)
Page -7-

<u>Able Indus. Inc.</u>, 523 F.Supp.2d 155, 157-58 (D. Conn. 2007) ("A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support [the] removal petition." (quotations omitted)). While the defendant must apply "a reasonable amount of intelligence in ascertaining removability," it need not "look beyond the initial pleading for facts giving rise to removability." <u>Id.</u>; *see* <u>Lovern v. Gen. Motors Corp.</u>, 121 F.3d 160, 162-63 (4th Cir.1997) (grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper."); <u>Beamis v. Buffalo Pumps, Inc.</u>, No. CIV.A. 08-472S, 2009 WL 462543, at *2 (D.R.I. Feb. 23, 2009).

In other words, in practice, the 30-day clock begins if either one of two conditions exists: (1) the case stated by the initial complaint is removable; or (2) subsequent papers allow the defendant to ascertain removability. *See* <u>Romulus</u>, 770 F.3d at 72. The First Circuit has stated that from the point a defendant knows of- or should have knowledge of- the possibility of removal to Federal Court under diversity jurisdiction claims, "they ha[ve] to remove the case within 30 days of service." <u>Rios v. Lantz</u>, 402 F.Supp.3d 1, at *2 (D.P.R. 2019) (*citing* <u>Sansone</u>, 188 F. Supp. 2d at 186). "If the case as stated by the initial pleading is removable, 28 U.S.C. § 1446(b)(1) requires the defendant to remove within thirty days of its receipt." <u>Romulus</u>, 770 F.3d at 69.

Civil. No. 25-cv-01183(GMM)
Page -8-

More importantly, the Supreme Court has clarified that a "defendant's time to remove is triggered by [service of process], but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

As is well known, proper service of process is governed by Federal Rule of Civil Procedure 4. Relevant here, as to individuals that are within a judicial district of the United States, Rule 4(e) establishes that the individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). Similarly, under Rule 4(h)(1), a domestic corporation must be served by various alternatives, including "in the manner prescribed by Rule 4(e)(1) for serving an individual" which is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(h)(1)(A).

Hence, under Puerto Rico law, service is generally to be accomplished by personal service. However, service by publication is also allowed in certain circumstances. Rule 4.6 of the Puerto Rico Rules of Civil Procedure ("Rule 4.6") provides as follows:

Civil. No. 25-cv-01183(GMM)
Page -9-

> The court shall issue an order providing for a summons
> by publication when the person to be served is outside
> of Puerto Rico or if in Puerto Rico, cannot be located
> although pertinent attempts have been made to locate
> him/her, or when the person goes into hiding to avoid
> being served, or if it is a foreign corporation with no
> resident agent, and it is proved to the satisfaction of
> the court through an affidavit stating the steps taken,
> and said statement or sworn complaint filed states that
> justifies the granting of some relief against the person
> to be served or that said person is the proper party in
> the suit action. The return of process, unexecuted,
> shall not be a prerequisite for an order for service by
> publication.

P.R. Laws Ann. tit. 32, app. III. R. 4.6. Once the court has
granted service by publication, the plaintiff shall publish the
summons one time in a newspaper of general circulation within
Puerto Rico. Id. Within ten days of this publication, the plaintiff
shall send a copy of the summons and the complaint, by certified
mail with acknowledgment of receipt, to the defendant's last known
address. Id. Furthermore, when service of process is attempted
pursuant to a procedural rule of Puerto Rico, this Court is bound
by the interpretations of that rule by the Supreme Court of Puerto
Rico. See Culebra Conservation & Dev. Authority v. Wit Power II,
108 F.R.D. 349, 352 (D.P.R. 1985).

In this case, the record reflects, and the Court also takes
judicial notice of the record of the State Court case,[2] that the
State Court allowed Driven to serve all Defendants via service by

---

[2] See United States v. Mercado, 412 F.3d 243, 247 (1st Cir.2005) (federal court
may take judicial notice of state court records).

Civil. No. 25-cv-01183(GMM)
Page -10-

publication, pursuant to Rule 4.6. Accordingly, Summons was published on **January 27, 2025**, in the newspaper San Juan Daily Star. Furthermore, in compliance with Rule 4.6, the published summons and complaint were sent Defendants via certified mail with acknowledgment of receipt on January 31, 2025.

Hence, according to the Supreme Court of Puerto Rico, service was executed as to all Defendants on the date the summons was published in the San Juan Daily Star, that is, on **January 27, 2025**. *See* Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc., 207 D.P.R. 994, 1008 (2021) (stating that notice shall be deemed served on the date of publication of the legal notice). Accordingly, the Court must deem that Defendants had notice of the Complaint and its contents since that date.

Now, the Court evaluates the contents of the pleadings. From the initial pages of the Complaint, it is alleged that Driven is a corporation from Puerto Rico and that all Defendants —Flamingo and IHG as corporations organized under the laws of Florida and Longo-Falsetta as an individual— all reside in Florida. *See* (Docket No. 5-1 at 2). In addition, the Complaint alleges that the amount in debt owed to Driven is no less than $1,126,117.99. (Id. at 3-4). Consequently, Driven's pleadings provided Defendants with sufficient facts to support all requirements for removal under 28 U.S.C. § 1446.

Civil. No. 25-cv-01183(GMM)
Page -11-

Because Driven's pleadings provided Defendants with a clear statement of the amount in controversy and sufficient facts to ascertain removability, the Section 1446(b)(1) 30-day clock began to run on the date of service. Therefore, Defendants had until **February 26, 2025**, to remove the case from State Court. Yet, it was not until **March 28, 2025** —an entire month after the Section 1446(b)(1) deadline— that Defendants filed their Notice of Removal before this Court.

Though Defendants admit that they did not comply with the statutory 30-day requirement, they go through great lengths to justify their untimely removal. Their arguments fall flat considering clear First Circuit precedent interpreting the removal statute. The Court must highlight that the time deadline for removal petitions, while not jurisdictional, is mandatory. *See* Universal, 765 F.3d at 110 and Samaan, 670 F.3d at 21 (First Circuit in both cases stating that untimely removal is not jurisdictional defect, but rather, procedural defect subject to waiver). To this extent, the Court must also clarify that the thirty-day period set forth in § 1446(b) cannot be extended by consent of the parties or by court orders. *See* La Fosse v. Fed. Deposit Ins. Corp. for Doral Bank, 2016 WL 8674487 (D.P.R. Apr. 29, 2016) (*citing* Diaz v. Swiss Chalet, 525 F.Supp. 247, 250 (D.P.R. 1981)); *see also* Godman v. Sears, Roebuck and Co., 588 F.Supp. 121 (E.D. Mich. 1984) ("It is well settled that this

Civil. No. 25-cv-01183(GMM)
Page -12-

statutory time limitation is mandatory and may not be extended by order of the court or consent of the parties."); <u>Weaver v. Miller Elec. Mfg. Co., Inc.</u>, 616 F.Supp. 683 (S.D. Ala. 1985); <u>Gorman v. Abbott Laboratories</u>, 629 F.Supp. 1196 (D.R.I. 1986). Here, Driven requested a 30-day extension of time in State Court for Defendants to answer the Complaint since they were engaging in settlement conversations. Notwithstanding, neither the extension of time nor their settlement conversations extended the statutory deadline established by 28 U.S.C. § 1446(b)(1).

Furthermore, contrary to what occurred in <u>Universal</u>, Driven has not waived the procedural defect and quite the contrary, has been opportune and fierce in arguing against Defendants' untimely removal. Moreover, the set of facts in <u>Universal</u> are simply inapposite and inapplicable here. Once again, "[u]nless the issue is waived, a case removed after the 30-day clock begins and ends must be remanded." <u>New Hampshire v. 3M Co.</u>, 665 F. Supp. 3d 215, 230 (D.N.H. 2023), <u>aff'd</u>, 132 F.4th 556 (1st Cir. 2025) (*citing* <u>Universal</u> 765 F.3d at 110).

It is clear that "defendant may remove a state-court action to federal court any time after the lawsuit is filed **but before the statutorily-defined period for removal ends**." <u>Novak v. Bank of New York Mellon Tr. Co., NA.</u>, 783 F.3d 910, 911 (1st Cir. 2015) (*citing* <u>Murphy Bros.</u>, 526 U.S. at 347-48) (emphasis added). **"If the case was removable originally, and the defendant failed to**

Civil. No. 25-cv-01183(GMM)
Page -13-

remove it within thirty days, [the defendant] has lost the option of federal court." Banco Popular de Puerto Rico v. Ramirez, 280 F. Supp. 3d 316, 318 (D.P.R. 2017) (emphasis added) (*citing* Joseph W. Glannon, The Glannon Guide to Civil Procedure 53 (2003)). That is the case here.


## IV. CONCLUSION

For these reasons, the Court **GRANTS** Driven's Motion to Remand and orders this case **REMANDED** to the State Court. The Clerk of Court shall immediately notify the state court of the remand order. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, May 16, 2025.


s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE